**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JAVAUGHN KENNETH LEE GARTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00036-RHH |
| | ) | |
| GOVERNOR MIKE KEHOE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff JaVaughn Kenneth Lee Garth's Application to Proceed in District Court Without Prepaying Fees and Costs. Based on Plaintiff's financial information, the Court grants his application and assesses an initial partial filing fee of $42.67. Additionally, for the following reasons, the Court dismisses Plaintiff's complaint on initial review for failure to state a claim upon which relief may be granted.

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial

partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has submitted a certified account statement for the period November 1, 2025 to April 30, 2026.   Based on this information, the Court finds that Plaintiff has an average monthly deposit of $213.34.   The Court will assess an initial partial filing fee of $42.67, which is 20 percent of Plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), a Court must dismiss an indigent plaintiff's complaint that (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).   "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional."  *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

## The Complaint

Plaintiff JaVaughn Garth files this action under 42 U.S.C. §1983 alleging civil rights violations against Defendant Governor Mike Kehoe.   Plaintiff's allegations are difficult to understand, but he appears to allege a lien has been placed upon him based on his social security number, he did not consent to this lien, and he seeks an order declaring the lien null and void.  Doc. 1 at 3.   He also alleges his body is being used without his consent by the Missouri Department of Corrections for stem cell research.   He states:

> Petitioner is the true and lawful "owner" of SSN# xxx-xx-8739 which is the asset upon, which "nonconsensual law lien" was accepted for filing or recording, while being concealed as to defraud Petitioner; Petition has not given consent to any liens; SSN# xxx-xx-8739 was obtained through concealment and coercion with actual intent to hinder, delay and defraud Petitioner in accordance with 428.024. R.S.Mo.; Petitioner did not consent to any liens.

Doc. 1 at 6.

Plaintiff has attached to his complaint informal resolution requests (IRRs) filed with the Missouri Department of Corrections.  *See* Doc. 1-3.   In is IRRs, he states:

> I am being held in unlawful confinement by way of Missouri Department of Corrections and/or associate institutions for the purpose of Missouri Stem Cell Research and Cures Initiative, pertaining to biomedical and behavioral research on human subjects, in which I DO NOT CONSENT!   Said practices are fraudulent by way of concealment and misrepresentation, especially concerning the "grants, contracts, or cooperative agreement" for any project or program which involves the conduct of biomedical or behavioral research.

I demand I be discharged, I DO NOT CONSENT to any of the fraudulent said practices, or to being unlawfully confined.   Continuous unlawful detention is and will continue to cause irreparable harm . . . etc. (Notice of Withdrawal)

Doc. 1-3 at 1.

As stated in my I.R.R., I am being unlawfully confined by way of Mo.D.O.C. and/or associate institutions for the purpose of Missouri Stem Cell Research and cures initiative in which I do NOT CONSENT! GARTH, JAVAUGHN K. is a company for the purpose of doing "law business" functions considered as not to be transacting business in this state, and constructed as to "nonfarming purposes" and administered by the Secretary of State and by way of "merger" or "consolidation" is a "surviving entity" which has entered into an agreement with said not-for-profit corporation(s) while being concealed from SSN# xxx-xx-8739 person in its entirety, who [is] a member of the "surviving entity" pertaining to the "operating agreement" being fraudulent as to defraud SSN#   xxx-xx-8739   person   by   way   of   concealment   and misrepresentation, on which grounds I hereby as of (12-17-25) on behalf of SSN# xxx-xx-8739 person "Declare an Immediate Withdrawal" by way of written notice.   Continuous unlawful detention is and will continue to cause irreparable harm . . . etc.

Doc. 1-3 at 3.

For relief, Plaintiff asks the Court to declare the alleged nonconsensual common law lien "null and void and expunged from the record."   Doc. 1 at 7.   In a supplemental filing, Plaintiff asks the Court to "issue writ for seizure and forfeiture of counterfeit property pursuant to (Mo. Rev. Stat. 570.105) for violation(s) arising under (Mo. Rev. Stat. 570.103); and once property is seized, Petitioner 'request' for release of all seized items bearing a counterfeit mark, as Petitioner request to move this Honorable Court to issue Order 'declaring' property 'not forfeitable' and

'Order' delivery of seized property to the (Intellectual Property Owner), the moving party."   Doc. 2 at 14.

**Discussion**

Based on the complaint and Plaintiff's supplemental filings, the Court finds Plaintiff's claims lack an arguable basis in either law or fact, and are frivolous.   His claims rely on factual allegations regarding an alleged lien on his body and alleged stem cell research being conducted upon him by the Missouri Department of Corrections.   These factual allegations are "clearly baseless" under *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).   Any legal theories are indisputably meritless and the factual allegations are "fanciful," "fantastic," and "delusional."   *See id.* (quoting *Neitzke v. Williams,* 490 U.S. 319 (1989)).   Thus, the Court finds that Plaintiff's complaint is frivolous and fails to state viable legal claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**.   [Doc. 3]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $42.67 within 30 days of the date of this Order.   Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Opinion, Memorandum and Order

Dated this 21st day of May, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE